IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LARISSA KAHRIC,

      Plaintiff,                    CASE NO.:

v.

CHARTER COMMUNICATIONS
HOLDING COMPANY, LLC,

      Defendant.

_____/

## COMPLAINT

Plaintiff, LARISSA KAHRIC, by and through her undersigned counsel, hereby sues Defendant, CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

2. Venue lies within United States District Court for the Middle District of Florida, Tampa Division because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. 1391(b).

## PARTIES

3. Plaintiff, LARISSA KAHRIC (hereinafter as "Kahric" or "Plaintiff"),

is a resident of Pinellas County, Florida, at all times material and was an employee of Defendant within the meaning of the Family and Medical Leave Act (FMLA).

4. Defendant, CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, is a foreign limited liability company authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

5. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

6. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

7. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

8. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

9. Plaintiff began her employment with Defendant on or around July 12, 2021, as a customer service representative.

10. Plaintiff began suffering from a serious health condition resulting in numerous diagnostic tests and visits with various medical professionals.

11. Her health condition and its evaluation and treatment would cause intermittent absences from work.

12. Plaintiff received several written warnings regarding her absences even after she became eligible for protection under the FMLA.

13. During her employment Plaintiff consistently achieved positive performance stats relative to her peers. In January 2023, in Plaintiff's year end performance review, Plaintiff's supervisor told her she was meeting or exceeding all her performance goals but that her absences were affecting her.

14. Plaintiff earned a performance-based raise and was told that it would have been higher if it weren't for her absences.

15. Plaintiff received a written warning in October 2022 and January 2023 relating to her absences. However, Defendant never provided Plaintiff with her Notice of Rights and Responsibilities prior to issuing the final warning.

16. On February 21, 2023 Plaintiff applied for FMLA protection with Defendant and was given a deadline of March 21, 2023 within which to have her doctor's provide information.

17. Plaintiff was terminated on March 6, 2023 while out on an FMLA protected absence.

## COUNT I
## FAMILY MEDICAL LEAVE ACT – INTERFERENCE

18. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 17.

19. Plaintiff is an individual entitled to protection under the Family and

Medical Leave Act (FMLA), 29 U.S.C. §2601, *et seq*.

20. Plaintiff is an eligible employee within the meaning of the FMLA because Plaintiff worked for Defendant for twelve (12) months and had at least 1,250 hours of service for the Defendant during twelve (12) months immediately preceding her FMLA leave.

21. Plaintiff is a covered employee within the meaning of FMLA.

22. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights. Specifically, Defendant interfered with Plaintiff's lawful right to apply for and take FMLA leave by failing to provide her with the required Notice of Rights and Responsibilities, issuing disciplinary action for FMLA protected absences and terminating her employment.

23. Defendant's actions interfered with Plaintiff's lawful exercise of her FMLA rights and constitute violations of the FMLA.

24. As a result of Defendant's unlawful actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, LARISSA KAHRIE, prays for judgment against the Defendant, CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, for the following damages:

    a. Back pay and benefits;

    b. Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Liquidated damages;

    e.    Attorneys' fees and costs;

    f.    Injunctive relief; and

    g.    For any other relief, this Court deems just and equitable.

## COUNT II
## (FAMILY AND MEDICAL LEAVE ACT -- RETALIATION)

25.    Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1 through 17 and 20.

26.    Defendant retaliated against Plaintiff in violation of the FMLA in that Plaintiff's request for time off and utilization of qualified FMLA leave was a substantial or motivating factor that prompted Defendant to award her small performance raises, issue disciplinary warnings and terminate her employment.

27.    Defendant's actions constitute a violation of the FMLA.

28.    As a result of Defendant's actions Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff, LARISSA KAHRIC, prays for judgment against the Defendant, CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, for the following damages:

    a.    Back pay and benefits;

    b.    Prejudgment interest on back pay and benefits;

    c.    Front pay and benefits;

      d.    Liquidated damages;

      e.    Attorneys' fees and costs;

      f.    Injunctive relief; and

      g.    For any other relief, this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

29. Plaintiff, LARISSA KKAHRIC, requests a jury trial on all issues so triable.

Dated this 25th day of May 2023.

**FLORIN GRAY BOUZAS OWENS, LLC**

*/s/ Wolfgang M. Florin*
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
Primary:  WFlorin@floringray.com
Secondary:  angela@floringray.com
**CHRISTOPHER D. GRAY, ESQUIRE**
Florida Bar No.: 902004
CGray@floringray.com
16524 Pointe Village Drive, Suite 100
Lutz, FL 33558
Telephone (727) 254-5255
Facsimile (727) 483-7942
Attorneys for Plaintiff